1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   ALEX G. TSE (CABN 152348)
3  Chief, Civil Division

4  ERICA BLACHMAN HITCHINGS (MABN 669825)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7015
7       FAX: (415) 436-6927
        erica.hitchings@usdoj.gov
8
   Attorneys for United States of America
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13
   IN RE LETTERS OF ROGATORY FROM   )   No. CV 14-80 190 MISC
14 THE LOCAL COURT TEMPELHOF-        )
   KREUZBERG OF BERLIN, GERMANY      )   **DECLARATION OF ERICA BLACHMAN**
15                                   )   **HITCHINGS IN SUPPORT OF APPLICATION**
                                     )   **FOR APPOINTMENT OF COMMISSIONER**
16                                   )   **PURSUANT TO 28 U.S.C. 1782**
                                     )
17                                   )
                                     )
18 _____ )

19
   I, Erica Blachman Hitchings, declare as follows:
20

21      1.      I am an Assistant United States Attorney and represent the United States of America in

22 the above-captioned matter. I am a member in good standing of the State Bar of Massachusetts and the

23 bar of this Court. I make this declaration in support of the Application for Appointment of

24 Commissioner Pursuant to 28 U.S.C. § 1782, filed concurrently herewith. The matters stated in this

25 declaration are true of my own knowledge or based upon information and belief as a result of my review

26 of the file in this matter. If necessary I could and would competently testify to them.

27

28

2. Pending before the Court is an application submitted by the United States Attorney's Office on behalf of the Local Court Tempelhof-Kreuzberg (Family Court) in Berlin, Germany, for this Court to issue an order pursuant to 28 U.S.C. § 1782 appointing a Commissioner to obtain evidence or testimony in connection with a request for international judicial assistance. The United States Attorney requests that the Court appoint Erica Blachman Hitchings, Assistant United States Attorney, as Commissioner and authorize AUSA Hitchings to obtain testimony from two individuals, Ms. Ilona Eyngorn and her minor son, E.E., who are residents within the jurisdiction of this Court. The documents supporting this application are described below and attached hereto as exhibits.

3. Attached hereteo as Exhibit A is a true and correct copy of the English version of the Request for Legal Assistance issued by the Local Court Tempelhof-Kreuzberg (Family Court) in Berlin, Germany to the United States Department of Justice, Civil Division, Office of International Judicial Assistance ("OIJA").[1] In this request, the German court requests that the United States "interview" Ms. Ilona Eyngorn and her child, E.E., both of Mountain View, California.[2] OIJA subsequently referred this request to the United States Attorney's Office for the Northern District of California.

4. Attached hereto as Exhibit B is a true and correct copy of the letter (minus enclosures) that I sent on February 13, 2014 to Ms. Ilona Eyngorn, at the address listed therein. On or about February 21, 2014, Mr. David Lederman contacted me and indicated that he was counsel for Ms. Eyngorn in this matter.

5. On or about May 27, 2014, via e-mail, I informed Ms. Eyngorn's counsel, David Lederman, that I intended to file an application to be appointed a Commissioner for the purpose of taking the depositions of Ms. Eyngorn and E.E. and inquired whether I could represent that he, as counsel for Ms. Eyngorn, was aware of the petition and does not object. Mr. Lederman responded via e-mail, "That's fine."

---

[1] Exhibits A and B have been redacted or modified pursuant to Federal Rule of Civil Procedure 5.2(a).

[2] The German court requests that the United States "interview in lieu of an oath" Ms. Eyngorn and E.E. The United States has interpreted this as a request for an in-person interview, or deposition, as opposed to the issuance of a letter containing questions to which a witness could send back sworn answers. This interpretation is further supported by the German Court's subsequent reference to a "hearing" and the right of the parties to "refuse to testify."

HITCHINGS DECLARATION ISO APPLICATION FOR APPOINTMENT
CASE NUMBER:                                                    2

6. A copy of this declaration, the Application, and the Proposed Order, will be served on Ms. Eyngorn's counsel via Certified Mail. A copy will also be mailed to Mr. Eyngorn's attorney of record, Nadia Büemlin of Germany.

Pursuant to 28 U.S.C. § 1782(a), the United States of America thus requests that the Court appoint Assistant United States Attorney Erica Blachman Hitchings to act as Commissioner with respect to the Letter Rogatory and to authorize AUSA Hitchings to issue subpoenas to obtain the testimony of Ms. Ilona Eyngorn and E.E. in compliance with the Letter Rogatory and to take all steps reasonably necessary for the accomplishment of the goals described in the Letter Rogatory.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24ᵗʰ day of _June_, 2014 in San Francisco, CA.

Erica Blachman Hitchings

# Exhibit A

[Official stamp:
Local Court Berlin-Tempelhof-Kreuzberg]

Local Court Tempelhof-Kreuzberg              10963 Berlin, 8th May, 2012
- Family Court -                             Hallesches Ufer 62
Reference number:   169 F 19458/10

U.S. Department of Justice
Civil Division
Office of International Judicial Assistance
1100 L Street N.W.
Room 11006
Washington, D.C. 20530
United States of America

**Request for legal assistance within the scope of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

1 annex

Regarding the family matter at the abovementioned court concerning the child

the following facts of the case apply:

E.E.                    , born on        , 2005, U.S.A.
248 Pamela Drive, Apt. 2, CA 94040 Mountain View,

Child's father and petitioner:
Mr Alexander Eyngorn
Pestalozzistr. 68, 10627 Berlin-Charlottenburg

Attorney of record:
Nadejda G. Bümlein, lawyer
Kurfürstendamm 157, 10709 Berlin

Child's mother and respondent:
Mrs Ilona Eyngorn, nee Vershinina,
248 Pamela Drive, Apt. 2, Mountain View, CA 94040,

Process agent:
Olga Stolyarenko,
Waitzstraße 23, 10629 Berlin

the following facts of the case apply:

The family originally from Ukraine emigrated to Germany after having been naturalized in the USA in 2007. Their son E.E. attended kindergarten in Berlin until May 2010.

[Official stamp:
Local Court Tempelhof-Kreuzberg]

AUG 31 2012
189-24-12 (69)

Since the summer of 2009 the parents were living separately within their shared apartment. In May 2010, the mother went to the United States of America together with their child. The father had given prior consent that she could take a job for three months in the USA and take their son along with her for this time. When the father himself went to the USA in August 2010, the child's mother informed him that she would not be returning to Germany with their son. The child's father has had no more contact with his son since.

The father has filed an application to transfer sole custody for ▉.▉. to him – alternatively physical custody – and compel the child's mother to return their child to him. He claims the child was fully socially integrated in Berlin. As he, the father, had not consented to a permanent change of domicile the mother's behaviour was illegal. The child's placement with his mother was not in the child's best interest.

Upon the husband's application the parents' marriage was legally dissolved with the wife's consent by final judgement of the local court Tempelhof-Kreuzberg on 20th October 2011.

In the course of the legal proceedings the court passed the following court order:

Court hearings of the child's mother and the child in person on the father's applications concerning the transfer of sole custody to him and the child's return to him will take place by a letter of request to the court in California, competent because it is their domicile.

The child's mother shall be interviewed in particular with regard to the father's *preliminary statement of facts* in the application from 14th September 2010 as well as about her motives in permanently transferring her residence from Berlin to California together with her child.

The child shall be interviewed in particular about how he experienced moving house, whether he has become accustomed to his new surroundings in California, and whether he could imagine returning to his father in Berlin.

In order to implement this court order we request you to interview in lieu of an oath Mrs Ilona Eyngorn, 248 Pamela Drive, Apt. 2, CA 94040 Mountain View, California and the child ▉.▉. ▉▉▉▉▉ born on ▉▉▉▉▉ 2005, 248 Pamela Drive, Apt. 2, CA 94040 Mountain View, California by means of this letter of request in connection with the abovementioned allegation to be proved by evidence from 14th September 2010. It is recalled that they have the right to refuse to testify.

Therefore we request before the hearing to advise the mother thereof and on the provisions of the German Code of Civil Procedure provided hereinafter:

Sect. 453 II: Should the party refuse to testify or to swear an oath, section 446 shall apply mutatis mutandis.

Sect. 446:   Should the respondent refuse to have himself/herself examined, or should he/she fail to make a statement in spite of having been asked to do so by the court, the court is to decide at its discretion and conviction, taking account of the overall factual situation and

in particular the grounds cited in the refusal, whether or not it intends to deem proven the facts and circumstances alleged.

You are requested to notify the lawyer Ms Bümlein, Kurfürstendamm 186, 10707 Berlin sufficiently in advance of the hearing where and when it will take place directly by using registered letter with acknowledgement of receipt to ensure it is possible for her to attend this hearing if needed.

The sending of the minutes of the hearing is expected in due course under reference number 169 F 19458/10.

*[Signature: illegible]*

(Rave-Justen)
Judge at the Local Court

> *[Official stamp:*
> *Local court*
> *Tempelhof/Kreuzberg Berlin]*

---

I hereby certify that the above is a complete and accurate translation of the original German document into English.
Dr Ingrid Fenner, Sworn Interpreter and Authorized Translator for the Courts and Notaries of Berlin for Russian and English, Berlin, 4th August, 2012.



# ORIGINAL
# **B Ü M L E I N**
law firm

[stamp:]
CERTIFIED COPY

BÜMLEIN, Kurfürstendamm 157, 10709

Amtsgericht [Local Court]
Tempelhof-Kreuzberg

Family Court
Hallesches Ufer 62

**10963 Berlin**
**Fax: 030/90 175-711**

*[official stamp:*
*Local Court Tempelhof-Kreuzberg*
*rec'd Oct. 13, 2010]*

Rechtsanwältin
**Nadejda G. Bümlein**

Rechtsanwältin
**Nicole Beier\***

Kurfürstendamm 157

D-10709 Berlin

Tel.: +49 (30) 887 11 8-0

Fax: +49 (30) 887 11 8-20

\*freelance staff

Internet:
www.buemlein.com
www.thaiadvo.com

e-mail:
thaireno@buema.net
RainBuemlein@buema.net

In cooperation with
(no joint briefs):

**Puttri Kuvanonda, lawyer**

**Bangkok, Thailand**

**Olga Smirnova, lawyer**

**Moscow, Russian Federation**

**Ekaterina Lazarova, lawyer**

Tel. (foreign languages): **Sofia, Bulgaria**

Thai:      887 11 8 – 113
Russian:   887 11 8 – 114
Serbian:   887 11 8 – 112
Persian:   887 11 8 – 131

OUR REFERENCE: **478/10NB30E**
(please always refer to this!)

YOUR REFERENCE:

DATE: **September 14, 2010**

AUTHOR:     **B8**

## Eyngorn vs. Eyngorn (k) ·

[receipt stamp of local court Tempelhof-Kreuzberg
from 13th of Oct, 2010]

## **URGENT ! PLEASE SUBMIT IMMEDIATELY !**

### IN ADVANCE BY FAX !

### In the family matter

**of the minor** ▮▮▮ **, born on** ▮▮▮ **, 2005 in the USA**

we submit as attorney of record (Annex 1)

to Mr **Alexander Eyngorn**
born on ▮▮▮ 1972 in Ukraine
US citizen
Pestalozzistr. 68, 10627 Berlin

– *petitioner* –

against

Mrs **Ilona Eyngorn, nee Vershinina,**
born on ▮▮▮ 1972 in Ukraine
US citizen
248 Pamela Drive, Apt. 2, Mountain View, CA 94040, United States of America

– *respondent* –

**Bank:  Deutsche Bank 24     BLZ 100 700 24          Acct. 50 221 32**
IBAN: DE09 1007 0024 0502 2132 00
BIC: DEUTDEDBBER

**1. The parental custody – alternatively the right to determine the place of residence – for the joint legitimate son** ▮▮ ████████, **born on** ████, **2005 in the USA, be assigned to the petitioner.**

**2. The respondent be obliged to repatriate and return the joint legitimate son** ▮▮ ███████ **born on** ████, **2005 in the USA, to the petitioner.**

**3. The costs of the proceedings shall cancel each other out.**

In addition, in the name of and on behalf of the petitioner, we are applying for the following

## temporary injunction

given the urgency without previous hearings:

**4. The parental custody – alternatively physical custody and the parental authority for passport, health and registration matters – for the joint legitimate son** ▮▮ ████████, **born on** ██ ██, **2005 in the USA, be solely assigned to the petitioner.**

**5. The respondent be obliged to repatriate and return the joint legitimate son** ▮▮ ███████, **born on** ████, **2005 in the USA, to the petitioner immediately until the decision on the case.**

**6. The costs follow the case.**

With regard to Sect. 158 par. 2 no. 3 *FamFG* [German Family Court Proceedings Act], we also petition for the injunction proceedings to appoint a

### Guardian ad litem

for the child ▮▮ ██████ who if at all possible speaks the Russian language (see also Völker/Clausius, *Sorge- und Umgangsrecht in der Praxis* [Child Custody and Right of Access in Practice], Sect. 4 marg. no. 6).

When conducting the oral proceedings we furthermore petition to summon an

### interpreter for the Russian language,

as neither petitioner nor respondent are able to speak the German language.

### Rationale:

I.

The parties concluded their marriage on March 6, 1999 at the civil registry office of the district of Ordshonikidsewskyj of Saporishja, Ukraine. Both are Ukrainians by birth.

**Substantiation:** Marriage certificate of the civil registry office of the district of Ordshonikidsewskyj of Saporishja, Ukraine, no. 060948 dated March 6, 1999 (Annex 2)

In 1999 the petitioner emigrated to the United States of America; the respondent followed two years later. Their joint child ▮▮▮ was born in the USA on ▮▮▮ 2005. The son is a US citizen; the parties are meanwhile naturalized in the USA.

**Substantiation:** Birth certificate of ▮▮▮ no. ▮▮▮ from the County of Santa Clara / state of California, USA with the translation of it (Annex 3); US passport of ▮▮▮ (Annex 4); US passport of Alexander Eyngorn (Annex 5); US passport of Ilona Eyngorn (Annex 6)

On the basis of their marriage, both parties have through the present day joint custody for ▮▮▮ There is no other court or extrajudicial decision or agreement.

In 2007 the family emigrated to the Federal Republic of Germany. Since Oct. 1, 2007 they have lived together at Pestalozzistraße 68 in 10627 Berlin. The petitioner has a permanent residence permit (*Niederlassungserlaubnis*). Thus the respondent and their son also have a right of residence in the Federal Republic of Germany. For the future, it was planned that the center of their lives would be in Germany.

**Substantiation:** Confirmation of registration from Oct. 2, 2007 (Annex 7); residence permit of Alexander Eyngorn (Annex 8); residence permit for ▮▮▮ ▮▮▮ (Annex 9); residence permit for Ilona Eyngorn (Annex 10)

The joint son ▮▮▮ is completely socially integrated here. He speaks German, Russian and English fluently and attends preschool at the Pestalozzi-Fröbel-Haus in Karl-Schrader-Straße 7-8 in 10781 Berlin. He has many friends, for instance little ▮▮▮ Besides that, in his free time he attends a chess club, plays soccer in a club and does judo.

Since the summer of 2009 the parties have been living separately within the shared apartment; they continued, however, to care jointly for ▮▮▮ Each parent resided in one wing of the apartment.

In May of this year, the respondent left the Federal Republic of Germany together with their joint son ▮▮▮ She had requested of the petitioner that she could take a job for three months in the USA and take ▮▮▮ along with her for this time. Ostensibly, it was a temporary three-month job.

The petitioner agreed with this. ██ preschool was informed that he would be absent for three months. The petitioner firmly expected that his wife would return to Germany after three months, particularly as a one-month stay in the USA on his part to take part in a professional training was planned. The respondent declared to shared friends and relatives that she would return with ██ after three months. On May 11, 2010 the respondent travelled to the USA together with ██ .

In August 2010 the petitioner spent a month in California. At this time, his wife informed him that she would not be returning to Germany with ██ . The petitioner then declared explicitly that he did not agree with that and that they had joint parental custody for ██ together and that the respondent could not decide on this alone. Similarly, he indicated what she would do to ██ with this step. According to the respondent's own statement, their joint son was counting the days until father and son would see each other again. He was very much looking forward to the petitioner. All this, however, could not change the respondent's mind and induce her to return with the child.

Since his return from the USA, the petitioner has had no more contact with ██ ██ . His preschool in Berlin has already called several times and asked when ██ would be back, as they had agreed an absence of just three months.

**Substantiation:** statement in lieu of an oath on the part of the petitioner dated Sept. 14, 2010 (Annex 11); hearing of the head of the preschool in the Pestalozzi-Fröbel Day Care Center, Pestalozzistraße 40, 10627 Berlin, to be summoned via the Pestalozzi-Fröbel-Haus in Karl-Schrader-Straße 7-8 in 10781 Berlin.

The current residence of the respondent and the child is presumably 248 Pamela Drive, Apt. 2, Mountain View, California 94040. Possibly the respondent is living there under her maiden name Vershinina.

The petitioner has so far refrained from bringing charges of parental abduction against the respondent in order not to escalate the parental conflict.

Currently, however, a petition is being prepared for the Central Authority in Bonn for the parental abduction of ██ in accordance with the Hague Convention of October 25, 1980 on the Civil Aspects of International Child Abduction, with the primary objective of bringing about the voluntary return of the respondent with Elan Nathan by means of mediation. If need be, however, a court repatriation procedure will also become necessary here.

II.

1.

The family court to which the appeal is made has international jurisdiction as the child ██ has, before the illegal retention in the USA, his usual place of residence here in the Federal Republic of Germany in the court district of the family court appealed to. ██ was living continuously in the Federal Republic from Oct. 10, 2007 through May 11, 2010.

The petitioner continues to have his usual residence in the court district.

The petitioner neither gave his consent to a permanent change in his son's place of domicile nor is there any other agreement on exercising the right of custody or the right to determine the child's residence. Accordingly, apart from the fact that a usual residence has not yet been established in the USA, the family court here continues to be competent since a usual residence of the child here continues to exist and due to the illegality of his retention will continue to exist. From Art. 16 of the Hague Convention there arises in addition a ban on competency for American courts as long as the child's father is earnestly pursuing repatriation proceedings.

2.

Due to their marriage, both parents have joint custody, according to both American and Ukrainian law.

3.

The child's stay with his mother does not correspond with the child's well-being. The respondent is namely retaining the child ▮▮ ▮▮▮▮▮ in the USA against the petitioner's will. He gave his consent only to a three-month stay of the child in the USA.

In criminal law, this behavior on the part of the child's mother represents a child abduction in accordance with Sect. 235 *StGB* [German Penal Code] as well as an international child abduction according to the provisions of the Hague Convention, and is a strong indicator of her unsuitability to bring him up.

Sect. 235 *StGB* [German Criminal Code] states:

*(1) Whosoever removes from the custody of one or both of his parents or his guardian or denies them access to*

*1.*
*a person under eighteen years of age by force, threat of serious harm or deception; or*

*2.*
*a child, without being a relative,*

*shall be liable to imprisonment of not more than five years or a fine.*

*(2) Whosoever*

*1.*
*removes a child from the custody of one or both of his parents or his guardian in order to take him abroad; or*
*2.*
*denies access to him abroad after having removed him there or the child having gone there, shall incur the same penalty.*

*(3) In cases under subsection (1) No 2 and subsection (2) No 1 above the attempt shall be punishable.*

*(4) The penalty shall be imprisonment from one to ten years if the offender*
*1.*
*by the offence places the victim in danger of death or serious injury or of a substantial impairment of his physical or mental development; or*
*2.*
*commits the offence for material gain or with the intent of enriching himself or a third person.*

*(5) If by the offence the offender causes the death of the victim the penalty shall be imprisonment of not less than three years.*

*(6) In less serious cases under subsection (4) above the penalty shall be imprisonment from six months to five years, in less serious cases under subsection (5) above imprisonment from one to ten years.*

*(7) The abduction may only be prosecuted upon request in cases under subsections (1) to (3) above unless the prosecuting authority considers propio motu that prosecution is required because of special public interest.*

In the Hague Convention it is stated:

*Article 3*
*The removal or the retention of a child is to be considered wrongful where –*

> *a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and*

> *b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.*

> *The rights of custody mentioned in sub-paragraph a) above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.*

Besides an abduction from the land of origin, retaining a child after a vacation or stay abroad authorized by one parent who is entitled to joint custody is the second classic case of child abduction and thus of the application of the Hague Convention.

4.

The child ▮▮ is to be returned to his father by the respondent according to the provisions of the Hague Convention in order to enable a final decision on custody law in the Federal Republic at this family court. To this end, the child's father will initiate the relevant repatriation proceedings with the Central Authorities.

For a decision about the right of custody by this family court, it is to be taken into account in the present case that there is a blatant abuse of parental authority in the mother's behaviour. Deciding where a child is to live, what preschool it is to attend etc. – as a matter of principle, both parents are to decide on these matters.

As the mother is now determining this unilaterally without taking into account the father's views and the child's welfare, after creating an unfavourable situation for the father by returning to the USA under the pretext of having found temporary work there, she proves herself unsuited to bring him up.

The child's mother does not respect on the one hand the child ▮▮ ▮▮▮▮▮▮ bond with his father, which has been, even in the mother's estimation, very pronounced. The mother herself declared to the father that ▮▮ could hardly wait for his father to come to the US in August 2010. Of course, both he and the child assumed that all three would return to Germany together.

The mother is attempting here to create facts by illegally retaining the child and by disrupting and/or severing his bond with his father. This is not compatible with the child's best interests and must be counteracted in advance by applying for a temporary injunction.

▮▮ ▮▮▮▮▮ has his home here, his friends, his preschool, his hobbies, and his father, with whom he has lived together for five years of his life. The continuity principle does not argue in favor of the mother, as a stubbornly asserted continuity is in principle not worthy of being protected (see et al. also *OLG* [Higher Regional Court] Brandenburg, decision from Feb. 20, 2008 – 9 UF 134/07, and *OLG* Brandenburg, decision from Oct. 15, 2009 – 9 UF 61/09).

The Federal Constitutional Court elaborates in its decision from June 27, 2008, 1 BvR 1265/08 that, for the child, remaining in or returning to the original, familiar environment is more advantageous and thus that switching one's residence back to the family home could also be preferable. For this provisional decision, the family court is to take into account that the newly created "stubbornly insisted" provisional continuity usually influences the final decision in favour of that parent who creates a fait accompli by removing the child from its familiar surroundings and/or retaining the child there without coordinating this with the other parent. For this reason, the family court must examine carefully which parent is more suited to bring the child up, already in the injunction proceedings. The better suitability to bringing the child up is intended to be decisive even if the difference is not significant.

The petitioner is already more fit to bring up the child because he cannot be blamed for any misbehaviour, unlike the mother.

The mother would have been required were she planning to move to the USA with the child or even if she only decided this once she was in the USA to first obtain a court decision about the right of custody, in which it would be examined whether this plan corresponds to the child's well-being.

The mother escaped from this court decision by creating facts. Her actions are clearly selfish, as ▆▆ is at home here, is completely socially integrated and was living together with his parents despite their separation; they jointly took charge of the right of custody and were both present for the child at all times. The decision to return to the USA was evidently made for reasons that affect the mother herself rather than ▆▆ well-being. In addition, the father and son were deceived when the mother purported to be returning to the USA for only three months.

The child's bond to his father is threatened to become lastingly disturbed through the mother's behavior. In this way it becomes apparent that she does not tolerate the bond and is not able to bring up the child to be an upright citizen, as the foundation is the mother's unlawful behavior.

The competency to bring up the child in a responsible way, instead, rests with the father, who until the present has not done anything comparably wrong and who can safeguard that ▆▆ is supported, that he can maintain contact to both parents, etc. The father is fundamentally interested in a peaceful solution.

The petitioner will in the future orient himself in terms of parental responsibility to the child ▆▆ objective interests and his needs, putting aside his own interests, unlike was and is possible for the mother. Until the present day he can be blamed for no misbehavior comparable to that of the respondent.

The urgency of this petition applying for a temporary injunction already ensues from the fact that the child is to be returned as quickly as possible in order not to jeopardize existing ties to the father and in order to be able to make a final decision about the right of custody. To this end a provisional decision is necessary (see also *OLG* Brandenburg decision of Oct. 11, 2006 – 9 WF 268/06 to the decision of the *AG* [District Court] Oranienburg of Aug. 14, 2006 – 35 F 210/06).

A less severe means than the provisional and later final revocation of the mother's right of custody, alternatively of the right to determine the place of residence, is so far not evident. The mother has thus far showed herself to be not at all cooperative, has not approached the *Jugendamt* [youth welfare office], etc.

If the court considers the submission of additional facts relating to the petitions above necessary, we would request a court note in advance in accordance with Sect. 139 V *ZPO* [Code of Civil Procedure].

Uncertified and certified copies attached.

Lawyer

[On the back of the document:]

**Certified**
[Signature:illegible]
**(Rother)**
Court clerk

**[2 official seals of the
Local Court Tempelhof-Kreuzberg]:**

---

I hereby certify that the above is a complete and accurate translation of the original German document into English. Dr. Ingrid Fenner, generally sworn interpreter and authorised translator for the Berlin Courts and notaries for the English and Russian languages, Berlin 02/08/2012

# Exhibit B



*United States Attorney*
*Northern District of California*

---

*9th Floor, Federal Building*
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*

*(415)436-7015*
*FAX: (415) 436-7234*

February 13, 2014

**Via Certified Mail**
**Return Receipt Requested**

Ms. Ilona Eyngorn, nee Vershinina,
248 Pamela Drive
Apartment 2
Mountain View, CA 94040

Re: Request for International Judicial Assistance from the Local Court
Tempelhof-Kreuzberg of Berlin, Germany; <u>Matter of Alexander Eyngorn v.
Ilona Eyngorn</u>

Dear Ms. Eyngorn:

The German Count has requested assistance from the United States Department of Justice to obtain information in the Matter of <u>Alexander Eyngorn v. Ilona Eyngorn</u>. Assistance is being provided pursuant to the Hague Evidence Convention which entered in to force between the United States and Germany. Enclosed you will find copies of the court documents in German and English.

We would like your voluntary cooperation in the deposition of you and your son, ▮▮ as requested by the German court. As specified in the enclosed court document, the German court has requested that our Office interview you "with regard to [Mr. Enyngorn's] *preliminary statement of facts* as well as about [your] motives in permanently transferring [your] residence from Berlin to California together with [your] child." The German court has also requested that we interview ▮▮ "about how he experienced moving house, whether he has become accustomed to his new surroundings in California, and whether he could imagine returning to his father in Berlin."

The German court has also requested that our Office advise you that the German Code of Civil Procedure provides:

Section 453 II: Should the party refuse to testify or to swear an oath, section 446 shall apply mutatis mutandis.

Section 446: Should the respondent refuse to have himself/herself examined, or should he/she fail to make a statement in spite of having been asked to do so by the court, the court is to decide at its discretion and conviction, taking account of the overall factual situation and in particular the grounds cited in the refusal, whether or not it intends to deem proven the facts and circumstances alleged.

Should you refuse to testify pursuant to these provisions, this Office will need to obtain an affidavit detailing your reasons for doing so; accordingly, I will still need to hear from you by the date listed below.

We would like to schedule a mutually agreeable time and place to conduct these depositions and ask that you contact me at (415) 436-7015 or erica.hitchings@usdoj.gov no later than February 28, 2014. If you are represented by an attorney in this matter, please have your attorney contact me instead.

Very truly yours,
MELINDA HAAG

United States Attorney

By:

ERICA BLACHMAN HITCHINGS
Assistant United States Attorney

Enclosures

Cc: Ms. Nadejda G. Bümlein, Attorney of Record for Mr. Alexander Eyngorn
Kurfürstendamm 157, 10709 Berlin
Germany
RainBuemlein@buema.net